Sucesión Orcasitas, Demandante y Apelante, *v.* Sucesión Orcasitas, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre liquidación de sociedad mercantil y partición hereditaria.

No. 1115.—Resuelto en julio 7, 1914.

Incongruencia Entre la Demanda y la Prueba—Liquidación de Sociedad Mercantil—Partición de Herencia.—Cuando en una demanda se pide que se dicte sentencia para que se liquide una sociedad mercantil y se haga la partición de bienes hereditarios, bajo el supuesto de que ninguno de dichos actos se ha practicado y de la prueba resulta que ambos han sido verificados, no es posible conceder lo pedido en la demanda.

Controversia Judicial—Manera de Plantearla—Demanda Insuficiente.—Cuando una parte considera lesiva a sus derechos determinada escritura y desea impugnarla, debe alegar en la demanda tal lesión con manifestación de los hechos que la determinan e impugnar en debida forma la escritura, sin limitarse a presentar la cuestión litigiosa bajo la base de inexistencia de dicho documento.

Id.—Apelación—Teoría del Caso Contraria a la Demanda.—No cabe variar los términos del debate judicial planteado en la demanda, cambiando esencialmente los hechos determinantes de la acción, invocando en apelación motivos de nulidad que no se alegaron en la demanda.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Rafael López Landrón.*

Abogados de la apelada: *Sres. Bosch & Soto.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto por la Sucesión de José Ramón Orcasitas y Ortiz contra la sentencia que en el caso arriba expresado dictó la Corte de Distrito de San Juan, Sección 1ª., en 25 de noviembre del año próximo pasado, 1913, declarando sin lugar la demanda con las costas a cargo de la parte demandante.

Solicita en dicha demanda la sucesión de José Ramón Orcasitas y Ortiz, que se dicte sentencia con dos pronunciamientos, a saber: el primero de ellos, declarando en estado de liquidación a la sociedad mercantil Orcasitas y Cía. constituída por escritura pública de 22 de febrero de 1877, con nombramiento de un *receiver* que practique tal liquidación y adjudicación a cada partícipe, según el Código de Comercio, y que en caso de no ser esto posible se indemnice a la parte demandante con la cantidad de $25,000; y el segundo, disponiendo se proceda a la práctica de las operaciones divisorias del caudal del finado Casiano Orcasitas Ortiz que se halla ilíquido, y en poder de la sucesión del también finado José Orcasitas Ortiz, o confundido con pertenencias de éste.

En apoyo del primer pronunciamiento alega la parte demandante que en 22 de febrero de 1877 los hermanos José y Casiano Orcasitas y Ortiz otorgaron un contrato de constitución de sociedad mercantil bajo la denominación de Orcasitas y Cía., cuya sociedad se hizo cargo de la liquidación de todo el activo y pasivo de otra anterior que con la misma denominación mercantil habían constituído los mismos hermanos en 21 de diciembre de 1867; que el consocio Casiano Orcasitas y Ortiz falleció en 15 de enero del año siguiente 1878, y que con ese motivo todo el haber social y libros y documentos relativos a la contabilidad de Orcasitas y Cía. quedaron en poder del socio supérstite José Orcasitas y Ortiz, el cual desde entonces, y a su fallecimiento sus herederos, los demandados, continuaron incautados de todo el activo y

pasivo, sin que la sucesión demandante ni su causante hubieran tenido acceso ni intervención en los negocios de la mercantil expresada; que el socio Casiano Orcasitas Ortiz había otorgado testamento en 28 de diciembre de 1877 por el que dispuso, entre otras cosas, que su hermano y consocio José Orcasitas y Ortiz quedaba autorizado para poner en liquidación la firma mercantil Orcasitas y Cía. e instituyó entre otros por albacea solidario en primer lugar a José Orcasitas Ortiz y por sus únicos y universales herederos por carecer de descendientes y ascendientes legítimos, a sus cuatro hermanos José, Pedro, Jose Ramón y Teresa Orcasitas y Ortiz, el primero en mitad de sus bienes, y los otros tres en la otra mitad por iguales partes; que ni José Ramón Orcasitas y Ortiz, ni luego sus herederos los demandantes, han sido citados ni llamados a intervenir, como no han intervenido, en liquidación alguna legal de Orcasitas y Cía.; que José Orcasitas y Ortiz falleció hacia el año de 1898 y en la actualidad constituye su Sucesión, Josefa Orcasitas y Delgado, por sí y como heredera única universal testamentaria de su finado hermano Antonio Orcasitas Delgado; que José Ramón Orcasitas y Ortiz falleció en julio de 1911, y su sucesión universal está compuesta de sus legítimos y únicos hijos nombrados José, Casiano, Pedro, Pantaleón y Josefa Orcasitas y Ruiz; que José Orcasitas Ortiz y después de su fallecimiento su heredera la demandada, en vez de proceder a la liquidación con arreglo a derecho, de la sociedad mercantil Orcasitas y Cía. y de la anterior del mismo nombre, han dispuesto de todo el haber social incautándose de él en parte, y en parte enajenándole; que en el haber social de ambas firmas mercantiles Orcasitas y Cía. corresponde a los demandantes en una justa y equitativa liquidación social, la cantidad prudencial de $25,000 próximamente y no menos; y que desde el año 1880 y antes de esa fecha, la sucesión de Casiano Orcasitas Ortiz, por medio de algunos de sus miembros ha venido reclamando extrajudicialmente la liquidación social que hoy solicita.

Como hechos determinantes del segundo pronunciamiento interesado, alegan los demandantes su carácter de herederos universales de José Ramón Orcasitas y Ortiz, el concepto de heredera universal de José Orcasitas y Ortiz que tiene la parte demandada, el fallecimiento de Casiano Orcasitas Ortiz ocurrido en 15 de enero de 1878; y la institución de herederos hecha por el mismo en su testamento otorgado en 28 de diciembre de 1877, estando aún pendiente el caudal relicto de operaciones particionales, no obstante las reclamaciones extrajudicialmente hechas, año por año, para conseguir dicha partición.

La sucesión demandada aceptó algunos de los hechos consignados en la demanda, y negó otros, alegando como materia principal de oposición, que la liquidación de la sociedad Orcasitas y Cía., y las operaciones divisorias del caudal de Casiano Orcasitas y Ortiz se habían llevado a efecto por escritura de 8 de enero de 1881 con sujeción a la voluntad de Casiano Orcasitas Ortiz, manifestada en su testamento de 28 de diciembre de 1877. habiendo intervenido en aquella escritura además de José Orcasitas Ortiz, heredero y albacea de Don Casiano de los mismos apellidos, Don Pedro Orcasitas, otro de los herederos del mismo

Han venido al juicio como evidencia, entre otros elementos probatorios, el testamento otorgado por Don Casiano Orcasitas Ortiz en 28 de diciembre de 1877, y la escritura de 8 de enero de 1881, a que hace referencia la parte demandada en su contestación.

En la cláusula 4ª. de su testamento, declara Don Casiano Orcasitas Ortiz, que "sus bienes se constituyen de lo que resulte de los libros de la sociedad mercantil que gira bajo la razón de Orcasitas y Cía., y en la que son únicos socios gestores administradores él y su hermano Don José Orcasitas."

En la cláusula 5ª., "habida consideración al derecho ineludible que tiene el testador de disponer de sus bienes a toda su voluntad, por carecer de herederos forzosos, autoriza expre-

samente a su socio y hermano Don José Orcasitas para que efectúe o practique lo que mejor viere convenirle, ya poniendo la sociedad en liquidación, o ya disolviéndola, sin que por ello nada tengan que reclamar los herederos a quienes instituya, los cuales deberán aceptar la herencia con estas condiciones y en la forma que les fuere entregada por su citado hermano, por virtud de la confianza que le merece de que obrará en todo con la lealtad y buena fe que acostumbra y que se le tiene reconocida.''

En la cláusula 6ª. nombra Don Casiano por sus albaceas, ''en primer lugar a su repetido hermano Don José Orcasitas, en segundo a Don Eustasio Zalduondo, y en tercero a Don Antonio Valle, a los tres juntos y a cada uno de por sí *et in solidum*, prorrogándoles el año legal del albaceazgo al más tiempo que necesiten, confiriéndoles amplias e ilimitadas facultades para que extrajudicialmente y no de otra suerte, que prohibe terminamente, procedan al arreglo y liquidación de su testamentaría, teniéndose en cuenta para ello lo expuesto en la cláusula anterior que ratifica, la cual excusa todo trámite judicial y autoriza al primer albacea para hacer todo lo que a su derecho convenga, y por consiguiente bastará lo que resulte de la liquidación que practique en los libros, y ella servirá para verificar la entrega de lo que a cada heredero corresponda.''

Y en la cláusula 7ª. ''instituye y elige en virtud a carecer de descendientes y ascendientes legítimos, por sus únicos y universales herederos, a sus cuatro hermanos en esta forma: la mitad del caudal para Don José Orcasitas, y la otra mitad por terceras partes para Don Pedro, Don José Ramón y Doña Teresa, estos dos últimos ausentes en España, cuya herencia les acuerda con las condiciones y exenciones constituídas en las anteriores cláusulas en favor de su citado hermano, a las que quedarán sometidos, sin que, aunque causa y razón legítima hubieren para impugnar las operaciones, les sea permitido hacerlo, ni se les oiga en juicio, ni fuera de él,

pudiendo gozar lo que les toca con la bendición de Dios y su aprobación.''

En la escritura de 8 de enero de 1881 que tiene por epígrafe ''Aceptación de Herencia,'' y en que comparecen los hermanos Don José y Don Pedro Orcasitas y Ortiz, después de hacer referencia éstos a las cláusulas 6ª. y 7ª. del testamento anterior, hacen constar en las cláusulas 4ª., 5ª., 6ª. y 7ª. de dicha escritura, lo siguiente:

''*Cuarta.*—Que con vista de todo lo dispuesto por el referido don Casiano y en virtud de las facultades conferidas por su testamento al don José, procedió éste a formalizar el oportuno inventario, cuenta y partición de todos los bienes relictos consistentes únicamente en lo que podría corresponderle en la sociedad que entre ambos tenían constituída en esta capital, para lo cual verificó el primero de julio de 1878 un balance general que dió el siguiente resultado:

''CAPITAL

''Del finado Don Casiano Orcasitas según balance practicado en 1º. de junio de 1878.  Pesos_____ 32,428.00

''BAJAS

''Por error de cálculo en el balance.  Pesos\_\_\_      230.06

''Por la parte que le corresponde en las cuentas perdidas o por cobrar, en la de ganancias y pérdidas, intereses, descuentos y cambios. Pesos _____ 8,601.31

''Por alquiler de panteón por 3 años y varios gastos más.  Pesos_____      100.00

''Saldo a su favor.  Pesos_____ 23,546.70

''Cuyos veinte y tres mil quinientos cuarenta y seis pesos, setenta centavos, distribuídos entre los cuatro herederos en la proporción dispuesta por el Don Casiano en la cláusula séptima de su testamento, corresponde:

''A Don José, su mitad_____ $11,773.35

''A Don Pedro, tercera parte _____  3,924.45

''A Don José Ramón, idem_____  3,924.45

''A Doña Teresa, idem_____  3,924.45

''Total_____ $23,546.70''

"*Quinta.*—Que aun cuando el Don José se halla ampliamente autorizado por el finado Don Casiano para formalizar estas operaciones las ha practicado, sin embrago de común acuerdo con los demás hermanos y coherederos y a calidad de que 'si fuere necesario sean aprobadas y ratificadas en legal forma por Don José Ramón y Doña Teresa que actualmente residen en España, a quienes a la brevedad posible entregará el haber que por tal concepto les ha correspondido y otorgarán a su favor la correspondiente carta de pago.

"*Sexta.*—Que los dos comparecientes Don José y Don Pedro Orcasitas aceptan lisa y llanamente en la proporción que les corresponde la herencia de su difunto hermano Don Casiano, declarando por este documento totalmente terminada su testamentaría, y dándose por recibidos a su entera satisfacción de la parte que a cada uno ha correspondido con arreglo a la última voluntad de aquél, obligándose a no reclamarse en ningún tiempo cantidad ni cosa alguna por dicho concepto, y recíprocamente a la evicción y saneamiento con arreglo a derecho.

"*Séptima.*—También declaran que si en lo sucesivo aparecieren más bienes pertenecientes a esta testamentaría se distribuirán en la misma forma que los inventariados y lo mismo se practicará si resultasen deudas."

También ha sido aportado al juicio como evidencia, un recibo suscrito por José Ramón Orcasitas en 2 de agosto de 1879 por valor de 38,000 reales de vellón que aquél confesó haber recibido de su difunto hermano Don Casiano, a cuenta de lo que pudiera corresponderle como heredero de dicha testamentaría, después del resultado de la liquidación que entonces se estaba practicando.

Innecesario se hace relacionar las demás pruebas aportadas al juicio, pues el testamento de Don Casiano Orcasitas Ortiz, el recibo firmado por Don José Ramón Orcasitas, a que acabamos de hacer referencia, y la escritura de 8 de enero de 1881, nos bastan para dar solución al presente recurso.

La escritura de 8 de enero de 1881, como lo revela su texto, contiene una liquidación de la sociedad Orcasitas y Cía., y una partición del caudal hereditario de Don Casiano Orcasitas Ortiz, y como en la demanda se solicitó la práctica de tales operaciones bajo el supuesto de que no se habían

practicado, no es posible acceder a dicha solicitud. Don Casiano Orcasitas Ortiz confirió a su hermano Don José en la cláusula 6ª. de su testamento, amplias e ilimitadas facultades para que procediera al arreglo y liquidación de su testamentaría, tomando por base lo que resultara de la liquidación que practicara en los libros de Orcasitas y Cía., cuya liquidación le serviría de base para verificar la entrega de lo que a cada heredero correspondiera, y al otorgar la escritura de 8 de enero de 1881, cumplió el cargo que le encomendara el testador. La falta de intervención de José Ramón Orcasitas en la expresada escritura no es bastante para afirmar la inexistencia de esas operaciones, pues contra tal afirmación existe un documento público y solemne en que se han consignado.

Los dos pronunciamientos solicitados en la demanda, se fundan principalmente en la inexistencia de la liquidación de Orcasitas y Cía. y de la partición del caudal de Don Casiano Orcasitas Ortiz. Existiendo esas operaciones comó dejamos dicho, falta base para acordar dichos pronunciamientos. Si los demandantes conceptuaban, según alegan al sostener el recurso, que la liquidación y partición consignadas en la escritura de 8 de enero de 1881, son nulas y no pueden producir efectos legales en derecho, debieron alegar esa nulidad en la demanda, exponiendo todos los hechos determinantes de la misma para que así el judicial debate se hubiera presentado de una manera franca y clara y pudiera resolverse con perfecto conocimiento y discusión por ambas partes, de todas las circunstancias del caso.

La demanda, según el artículo 103 del Código de Enjuiciamiento Civil, debe contener una exposición en lenguaje usual y conciso, de los hechos que originan la acción, y en la demanda de la sucesión demandante no aparece un solo hecho o alegación que determine la nulidad de la escritura de 8 de enero de 1881. Aun más, ni siquiera se alega la existencia de esa escritura, de la cual indudablemente tenía conocimiento la sucesión demandante, pues la presentó como prueba en el

acto del juicio, y ya al firmar el causante de dicha sucesión, Don José Ramón Orcasitas, el recibo de 2 de agosto de 1879 expresó que recibía de Don José Orcasitas la suma de 38,000 reales de vellón a cuenta de lo que pudiera corresponderle como heredero de Don Casiano, después del resultado de la liquidación que entonces se estaba practicando.

Si la parte demandante estimaba lesiva de sus derechos la escritura de 8 de enero de 1881, y quería obtener reparación del agravio sufrido, a ella incumbía alegar tal lesión con manifestación de los hechos que la determinaran, e impugnar aquélla en debida forma, sin limitarse a presentar la cuestión litigiosa bajo la base de inexistencia de operaciones que ya estaban practicadas. No cabe variar los términos del debate judicial planteado en la demanda, cambiando esencialmente los hechos determinantes de la acción como lo hace la parte apelante, invocando motivos de nulidad que no invocó al presentar la demanda.

Por las razones expuestas, es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.